IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND and JAMES S. JORGENSEN, Administrator of the Funds,<br><br>Plaintiffs,<br><br>v.<br><br>DYNAMICX ENTERPRISES, INC., an Illinois Corporation, and N D GROUP INC., an Illinois corporation,<br><br>Defendants. | Case No.    15 C 7881<br><br>Judge |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Chicago Laborers' District Council Retiree Health and Welfare Fund, and James S. Jorgensen, Administrator of the Funds (hereinafter collectively the "Funds"), by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Amy N. Carollo, John Hamada, Katherine C. Vanek, and Kelly M. Carson, for their Complaint against Defendants Dynamicx Enterprises, Inc., an Illinois corporation, and N D Group Inc., an Illinois corporation, state:

### COUNT I
(Failure to Submit to a Requested Audit)

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

2.  Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.  The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4.  Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity. With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.  Defendant Dynamicx Enterprises, Inc., (hereinafter the "Company" or "Dynamicx"), is an Illinois corporation. At all times relevant herein, the Company did business within this District and was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. Defendant N D Group Inc. (hereinafter "N D Group"), is an Illinois corporation. At all times relevant herein, N D Group did business within this District and was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

7. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company are parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2013 ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company which adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

8. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicago Area Independent Contractors Association ("CAICA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Builder's Association ("BAC"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC"), the CARCO Industry Advancement Fund ("CARCO"), and the Illinois Small Pavers' Association ("ISPA") to act as an agent in the collection of contributions due to those funds.

3

9. The Agreement and the Funds' respective Agreements and Declarations of Trust obligates the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed liquidated damages plus interest.

10. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

11. The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension, and welfare contributions.

12. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company failed to submit all its books and records to a requested audit for the period of December 1, 2011 forward.

13. The Company's action in failing to submit its books and records to an audit violates Section 515 of ERISA, 29 U.S.C. §1145.

14. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, Federal Common Law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for any amounts revealed as due and owing pursuant to the audit conducted for the period of December 1, 2011

forward, including, unpaid contributions, interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Dynamicx Enterprises, Inc.:

a. ordering the Company to submit all of its books and records to an audit for the period of December 1, 2011 forward;

b. entering judgment in sum certain against the Company and in favor of the Plaintiffs on the amounts due and owing pursuant to the audit including contributions, interest, liquidated damages, accumulated liquidated damages, audit costs, and attorneys' fees and costs; and

c. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II
### (Failure to Submit to a Requested Audit)

15. Plaintiffs reallege paragraphs 1 through 14 of Count I as though fully set forth herein.

16. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers Union dues which should have been or have been deducted from the wages of covered employees. Union dues which are not submitted in a timely fashion are assessed 10 percent liquidated damages.

17. Notwithstanding the obligations imposed by the Agreement, the Company has failed to submit all of its books and records to an audit for the period of December 1, 2011 forward.

18. Pursuant to the Agreement and federal common law, the Company is liable to the Funds for the unpaid Union dues, as well as liquidated damages, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant Dynamicx Enterprises, Inc., ordering the Company to submit all of its books and records to an audit for the period of December 1, 2011 forward and to pay the amount of the union dues owed to date together with all liquidated damages, accumulated liquidated damages, audit costs, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

### COUNT III
### (Alter Ego Liability and/or Single Employer Liability)

19. Plaintiffs reallege paragraphs 1 through 14 of Count I and paragraphs 15 through 18 of Count II as though fully set forth herein.

20. N D Group is an alter ego of, and/or single employer with the Dynamicx.

21. N D Group used and uses some of the same employees employed by Dynamicx.

22. Employees working for Dynamicx are paid by N D Group.

23. N D Group operates its businesses from the same location used by Dynamicx.

24. In 2011 and 2012, N D Group's and Dynamicx's worker's compensation

insurance policies listed the same mailing address, 4751 South Central Avenue, Chicago, Illinois 60638, for both Companies. N D Group has not carried a separate worker's compensation insurance policy from 2013 forward. True and accurate copies of the printouts from the Illinois Worker's Compensation Commission website are attached as Exhibit B.

25. N D Group is managed by and/or has had their work supervised by the same personnel who managed and/or supervised the work performed by Dynamicx.

26. N D Group and Dynamicx commingle funds.

27. Nicolas Diaz (hereinafter "Diaz") is an officer of Dynamicx and the president, an estimator, and the sole shareholder of N D Group.

28. N D Group's activities and business operations are conducted in a complimentary method to further Dynamicx's business activities.

29. As an alter ego to and/or single employer with Dynamicx, N D Group is bound to the terms of the Agreement and the Funds' respective Trust Agreements and therefore liable for Dynamicx's debts to the Funds.

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment against Defendants Dynamicx Enterprises, Inc. and N D Group Inc. as follows:

(a) Finding that N D Group Inc. is an alter ego of and/or single employer with Dynamicx Enterprises, Inc.;

(b) Finding that N D Group Inc. is jointly and severally liable to the Funds for the delinquent contributions, dues, interest, liquidated damages, accumulated liquidated damages, audit costs, and attorneys' fees and costs as set forth in Counts I and II;

(c) Ordering N D Group Inc. to submit its books and records to an audit for the time

period of December 1, 2011 forward and pay the Funds all delinquent contributions, interest, liquidated damages, accumulated liquidated damages, audit costs, and attorneys' fees and costs; and

      (d)    Granting all such other legal and equitable relief as the Court deems just and proper.

September 8, 2015

                                                                              Laborers' Pension Fund, et al.

                                                                  By:  /s/ Katherine C. Vanek
                                                                                 Katherine C. Vanek

Katherine C. Vanek
Laborers' Pension and Welfare Funds
111 West Jackson Boulevard
Suite 1415
Chicago, Illinois 60604
(708) 947-7361



# CONSTRUCTION & GENERAL LABORERS
## DISTRICT COUNCIL OF CHICAGO AND VICINITY

AFFILIATED WITH THE LABORERS INTERNATIONAL UNION OF NORTH AMERICA

999 McCLINTOCK DRIVE • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8853

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between __Dynamicx Enterprises LLP__ ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** The Employer recognizes the Union as the sole and exclusive collective bargaining representative for the employees now and hereinafter employed in the Laborer bargaining unit with respect to wages, hours and other terms and conditions of employment. If majority recognition previously was granted under Section 9(a) of the Act, it shall remain in effect. Otherwise, recognition under Section 9(a) of the Act shall automatically be granted to the Union without the need for a Board certified election upon the Union's demonstration that a majority of the employees have designated the Union as their exclusive bargaining representative. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association during the term of this Agreement or any extension hereof, without written approval from the Union. The Employer shall abide by this Agreement, and all extensions hereof, provided that it employs at least one Laborer during the term of this Agreement or the term of any extension hereof.

2. **Labor Contract.** The Employer affirms and adopts the applicable Collective Bargaining Agreement(s), as designated by the Union, between the Union and the Builders Association, the Chicago Area Independent Construction Association, the Chicago Area Rail Contractors Association, the Chicago Area Scaffolding Association, the Chicago Demolition Contractors' Association, the Concrete Contractors Association of Greater Chicago, the Contractors Association of Will and Grundy Counties, the Fox Valley Associated General Contractors, the Gypsum Drywall Contractors of Northern Illinois/Chicagoland Association of Wall and Ceiling Contractors, the Illinois Environmental Contractors Association, the Illinois Road and Transportation Builders Association, the Illinois Small Pavers Association, the Lake County Contractors Association, the Mason Contractors Association of Greater Chicago, the Underground Contractors Association, and all other employer associations with whom the Union or its affiliated Local Unions have an agreement. If the applicable Collective Bargaining Agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a successor labor agreement has been established, which shall be incorporated retroactively herein. This Agreement supersedes all contrary terms in the applicable Collective Bargaining Agreement(s).

3. **Total economic increase.** The Employer shall pay its employees a total economic increase of $2.90 per hour effective June 1, 2006; $3.00 per hour effective June 1, 2007; $3.00 per hour effective June 1, 2008 and $3.10 per hour effective June 1, 2009, said amounts to be allocated between wages, fringe benefits and other funds by the Union in its sole discretion. Effective June 1, 2006, the minimum wage rate shall be $31.55 per hour.

4. **Dues Checkoff.** The Employer shall deduct from the wages of employees uniform initiation fees, assessments, membership dues, and working dues in the amount of 1.75% of gross wages or such other amount as directed by the Union, and shall remit monthly to the designated Union office the sums so deducted, together with an accurate list showing the employees from whom dues were deducted, the employees' individual hours, gross wages and deducted dues amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which said deductions were made.

5. **Work Jurisdiction.** This Agreement covers all work within the applicable Collective Bargaining Agreements and all work within the Union's trade and geographic jurisdiction as set forth in the Union's Statement of Jurisdiction, as amended from time to time, which are incorporated by reference into this Agreement. The Employer shall assign all work described therein to its Union-represented Laborer employees and acknowledges the appropriateness of such assignment. Neither the Employer nor its work assignments as required under this Agreement shall be stipulated or otherwise subject to adjustment by any jurisdictional disputes board or mechanism except upon written notice by and direction of the Union.

6. **Subcontracting.** The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any covered work to be done at the site of construction, alteration, painting or repair of a building, structure or other work to any person, corporation or entity not signatory to and covered by a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. If the Employer contracts or subcontracts any such covered work to any person or proprietor who is not signatory to this Agreement, the Employer shall require such subcontractor to be bound by all the provisions of this Agreement, or the Employer shall maintain daily records of the subcontractor's or the subcontractor's Employees jobsite hours and be liable for payments to the Health and Welfare Department of Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund, and the Construction and General Laborers' District Council of Chicago and Vicinity Joint Apprentice and Training Trust Fund. The Employer shall further assume the obligations of its subcontractors for prompt payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

7. **Fringe Benefits.** The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of The Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust, the LDC/LMCC, and to all other designated Union-affiliated benefit and labor-management funds (the "Funds"), and to become bound by and be considered a party to the agreements and declarations of trust creating the Funds as if it had signed the original copies of the trust instruments and amendments thereto. The Employer ratifies and confirms the appointment of the employer trustees who shall, together with their successor trustees, carry out the terms and conditions of the trust instruments. The Employer further affirms that all prior contributions paid to the Welfare, Pension, Training and other Funds were made by duly authorized agents of the Employer at all proper rates, and evidence the Employer's intent to be bound by the trust agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable collective bargaining agreements.

8. **Contract Enforcement.** All grievances arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee, provided that deadlocked grievances shall be submitted to final and binding arbitration upon timely demand. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary, nothing herein shall limit the Union's right to strike or withdraw its members because of non-payment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues to the Union, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph will give the Union the right to take any other legal and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to take economic action is in addition to, and not in lieu of, its rights under the grievance procedures. Where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the workforce at all job sites.

9. **Successors.** In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, it is agreed that as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days' prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph.

10. **Termination.** This Agreement shall remain in full force and effect from June 1, 2006 (unless dated differently below) through May 31, 2010, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such notice the Employer and the Union agree to be bound by the new applicable association agreement(s), incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given not less than sixty (60) nor more than ninety (90) days prior to the expiration of each successive Collective Bargaining Agreement.

11. **Execution.** The signatory below warrants his or her receipt of the applicable Collective Bargaining Agreement(s) and authorization from the Employer to execute this Agreement, without fraud or duress, and with full knowledge of the obligations and undertakings contained herein. The parties acknowledge and accept the facsimile signatures on this Agreement as if they were the original signatures.

Dated: __3-12-__, 20__07__.

ACCEPTED:
Laborers' Local Union No. __Two__   3474

By: __[signature]__
CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: __[signature]__
James P. Connolly, Business Manager

By: __[signature]__
Frank Riley, President & Secretary-Treas.

For Office Use Only: ____

Effective June 1, 2006    WHITE - LOCAL UNION • CANARY - TRUST FUND • PINK - DISTRICT COUNCIL • GOLD - EMPLOYER

__Dynamicx Enterprises LLP__
(Employer)

FEIN No.: __06-1772973__

By: __Nicolas Diaz Operations Manager__
(Print Name and Title)

__Nicolas Diaz__ [signature]
(Signature)

__1319 Alexander Drive__
(Address)

__Bolingbrook ILL 60490__
(City, State and Zip Code)

Ph: __773-640-6635__   Fax: __315-556-3435__
(Telephone/Telefax)



EXHIBIT A

# Illinois Workers Compensation Commission

Employers' Workers' Compensation Insurance Coverage Verification

Select Coverage Date [9/4/2011]    Default = Today's Date

Employer Name [dynamicx]    ● Contains  ○ Starts With

**OR**

Federal Employer Identification Number [ ]

[Search]  [Reset]

Click here for claim processing information.

Worker's Compensation Insurance Coverage Provider: NEW HAMPSHIRE INSURANCE COMPANY
Policy Number: WC017089427
Coverage Date: 09/04/11

**Return to Policy Results**

| Employer Name | Street Address | City | State | Zip |
|---|---|---|---|---|
| DYNAMICX ENTERPRISES INC | 4751 S CENTRAL AVE | CHICAGO | IL | 60638-1557 |
| DYNAMICX ENTERPRISES LLP | 4751 S CENTRAL AVE | CHICAGO | IL | 60638-1557 |
| DYNAMICX ENTERPRISES LLP | 4751 S CENTRAL AVE | CHICAGO | IL | 60638-1557 |



EXHIBIT B

1 of 1                                                                                       9/4/2015 12:09 PM

# Illinois Workers Compensation Commission

Employers' Workers' Compensation Insurance Coverage Verification

Select Coverage Date  9/4/2012    Default = Today's Date

Employer Name  dynamicx    ● Contains  ○ Starts With

**OR**

Federal Employer Identification Number

Search | Reset

Click here for claim processing information.

Worker's Compensation Insurance Coverage Provider: COMMERCE AND INDUSTRY INS CO
Policy Number: WC013978796
Coverage Date: 09/04/12

**Return to Policy Results**

| Employer Name | Street Address | City | State | Zip |
|---|---|---|---|---|
| DYNAMICX ENTERPRISES LLP | 4751 S CENTRAL AVE | CHICAGO | IL | 60638-1557 |
| DYNAMICX ENTERPRISES LLP | 6400 CANAL BANK RD | FOREST VIEW | IL | 60402-4720 |
| DYNAMICX ENTERPRISES LLP | 4751 S CENTRAL AVE | CHICAGO | IL | 60638-1557 |

# Illinois Workers Compensation Commission

Employers' Workers' Compensation Insurance Coverage Verification

Select Coverage Date [9/4/2013]    Default = Today's Date
Employer Name [dynamicx]    ● Contains  ○ Starts With

**OR**

Federal Employer Identification Number [    ]

[Search]  [Reset]

**Click here for claim processing information.**

Worker's Compensation Insurance Coverage Provider: TRAVELERS PROPERTY CASUALTY CO OF AMERICA
Policy Number: 6JUB5B76712313
Coverage Date: 09/04/13

**Return to Policy Results**

| Employer Name | Street Address | City | State | Zip |
|---|---|---|---|---|
| [    ]Y | | [    ]Y | | [    ]Y |
| DYNAMICX ENTERPRISES INC | 4751 S CENTRAL AVE | CHICAGO | IL | 60638-1557 |

# Illinois Workers Compensation Commission

Employers' Workers' Compensation Insurance Coverage Verification

Select Coverage Date [9/4/2014]   Default = Today's Date

Employer Name [dynamicx]   ● Contains  ○ Starts With

**OR**

Federal Employer Identification Number [    ]

Search | Reset

Click here for claim processing information.

Worker's Compensation Insurance Coverage Provider: TWIN CITY FIRE INS CO
Policy Number: 83WECBT7606
Coverage Date: 09/04/14

**Return to Policy Results**

| Employer Name | Street Address | City | State | Zip |
|---|---|---|---|---|
| | | | | |
| DYNAMICX ENTERPRISES INC | 4751 S CENTRAL AVE | CHICAGO | IL | 60638-1557 |
| DYNAMICX ENTERPRISES INC | 4751 S CENTRAL AVE | CHICAGO | IL | 60638-1557 |

# Illinois Workers Compensation Commission

Employers' Workers' Compensation Insurance Coverage Verification

Select Coverage Date [ 9/4/2015 ]     Default = Today's Date

Employer Name [ dynamicx ]     ● Contains  ○ Starts With

**OR**

Federal Employer Identification Number [ ]

[ Search ] [ Reset ]

**Click here for claim processing information.**

Worker's Compensation Insurance Coverage Provider: TWIN CITY FIRE INS CO
Policy Number: 83WECBT7606
Coverage Date: 09/04/15

Return to Policy Results

| Employer Name | Street Address | City | State | Zip |
|---|---|---|---|---|
| | | | | |
| DYNAMICX ENTERPRISES INC | 4751 S CENTRAL AVE | CHICAGO | IL | 60638-1557 |
| DYNAMICX ENTERPRISES INC | 4751 S CENTRAL AVE | CHICAGO | IL | 60638-1557 |

# Illinois Workers Compensation Commission

Employers' Workers' Compensation Insurance Coverage Verification

Select Coverage Date [ 9/4/2011 ]    Default = Today's Date

Employer Name [ nd group ]    ● Contains  ○ Starts With

**OR**

Federal Employer Identification Number [ ]

[ Search ]  [ Reset ]

**Click here for claim processing information.**

Worker's Compensation Insurance Coverage Provider: TRAVELERS INDEMNITY CO OF AMERICA
Policy Number: IHUB5415N90311
Coverage Date: 09/04/11

Return to Policy Results

| Employer Name | Street Address | City | State | Zip |
|---|---|---|---|---|
| ND GROUP INC | 4751 S CENTRAL AVE | CHICAGO | IL | 60638-1557 |
| ND GROUP INC | NO SPECIFIC ADDRESS (RECORD TYPE) SUBMITTED | | IL | |
| ND GROUP INC | 5121 S LOTUS AVE | CHICAGO | IL | 60638-1629 |

# Illinois Workers Compensation Commission

Employers' Workers' Compensation Insurance Coverage Verification

Select Coverage Date: 9/4/2012     Default = Today's Date
Employer Name: nd group     ⦿ Contains  ○ Starts With

**OR**

Federal Employer Identification Number: [ ]

[Search]  [Reset]

Click here for claim processing information.

Worker's Compensation Insurance Coverage Provider: TRAVELERS INDEMNITY CO
Policy Number: IKUB5415N90312
Coverage Date: 09/04/12

Return to Policy Results

| Employer Name | Street Address | City | State | Zip |
|---|---|---|---|---|
|  |  |  |  |  |
| ND GROUP INC | 4751 S CENTRAL AVE | CHICAGO | IL | 60638-1557 |
| ND GROUP INC | NO SPECIFIC ADDRESS (RECORD TYPE) SUBMITTED |  | IL |  |
| ND GROUP INC | 5121 S LOTUS AVE | CHICAGO | IL | 60638-1629 |

# Illinois Workers Compensation Commission

Employers' Workers' Compensation Insurance Coverage Verification

Select Coverage Date 9/4/2013     Default = Today's Date

Employer Name nd group     ⦿ Contains  ○ Starts With

**OR**

Federal Employer Identification Number [ ]

Search   Reset

| Policy Number | Primary Policy Name |
|---|---|
| 76WBGZE3706 | ND CONSULTING GROUP LLC |

The following policy level result(s) do not imply coverage for this Employer in this state. Please click on a row to verify coverage information.

# Illinois Workers Compensation Commission

Employers' Workers' Compensation Insurance Coverage Verification

Select Coverage Date: 9/4/2014    Default = Today's Date

Employer Name: nd group    ⊙ Contains   ○ Starts With

**OR**

Federal Employer Identification Number: [ ]

Search    Reset

| Policy Number | Primary Policy Name |
|---|---|
| | The following policy level result(s) do not imply coverage for this Employer in this state. Please click on a row to verify coverage information. |
| 76WBGZE3706 | ND CONSULTING GROUP LLC |

# Illinois Workers Compensation Commission

Employers' Workers' Compensation Insurance Coverage Verification

Select Coverage Date | 9/4/2015 |   Default = Today's Date
Employer Name | nd group |   ⦿ Contains  ○ Starts With

**OR**

Federal Employer Identification Number | |

Search   Reset

| Policy Number | Primary Policy Name |
|---|---|
| | The following policy level result(s) do not imply coverage for this Employer in this state. Please click on a row to verify coverage information. |
| 24XK6358900000 | ND CONSULTING GROUP LLC |